**IT IS ORDERED as set forth below:**



**Date: March 13, 2017**

_____

**W. Homer Drake
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBERS** |
| | : | |
| JAMES P. VANBROCKLIN, | : | BANKRUPTCY CASE |
| Debtor. | : | NO. 15-11761-WHD |
| _____ | : | |
| | : | |
| JENNIFER DYCH, RAY CARON | : | ADVERSARY PROCEEDING |
| Plaintiffs, | : | NO. 15-1059-WHD |
| | : | |
| v. | : | |
| | : | IN PROCEEDINGS UNDER |
| JAMES P. VANBROCKLIN, | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## **O R D E R**

Before the Court is the Motion to Quash Subpoena filed by James P. VanBrocklin (hereinafter the "Debtor") in the above-styled adversary proceeding.

The Debtor seeks to quash a subpoena issued by the plaintiffs, Jennifer Dych and Ray Caron (hereinafter the "Plaintiffs"), on a non-party, the Bank of North Georgia. The subpoena requests that the Bank of North Georgia produce "[a]ny and all statements, cancelled checks, and wire transfer advises or confirmations from accounts at SunTrust Bank, N.A. and relating to Axiom Nutraceuticals, LLC or Axiom Laboratories, LLC."  (Notice of Issuance of Subpoena, Doc. No. 24, at 5).

## Discussion

A. Service on the Debtor Prior to Service on the Bank of North Georgia

The Debtor's first ground for quashing the subpoena is based on subsection (a)(4) of Federal Rule of Civil Procedure 45.  *See* Fed. R. Civ. P. 45(a)(4); *see also* Fed. R. Bankr. P. 9016 (incorporating Rule 45).  That subsection states, "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."  Fed. R. Civ. P. 45(a)(4).  Here, the Plaintiffs issued the subpoena on the Bank of North Georgia on January 4, 2017, but did not file and serve their notice of issuance of the subpoena until January 6, 2017.  Thus, the Debtor argues, the subpoena should be quashed for failure to comply with the Rule.

2

However, the Plaintiffs assert that the subpoena, though issued on January 4, 2017, was never served. The Plaintiffs state that they directed the subpoena to counsel for the Bank of North Georgia along with an acknowledgment of service. Counsel for the Bank of North Georgia never returned the acknowledgment, so the Plaintiffs conclude that the subpoena was never served, and, therefore, the Debtor, who was served on January 6, 2016, was served with the notice and a copy of the subpoena "prior to" service on the Bank of North Georgia.

Neither party has presented the Court with any new evidence concerning the instant motion, so it must base its decision on the information already in the record. *See generally LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) ("The bankruptcy court appropriately took judicial notice of its own docket."). Having reviewed the docket, there is nothing to suggest that the Plaintiffs served their subpoena on the Bank of North Georgia. The "Notice of Issuance of Subpoena" (Doc. No. 24) only states that the subpoena was issued on January 4, 2017, not that it was served. Because the Debtor, as the party seeking to quash the subpoena, bears the burden of proof, *see Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004), and there is no proof that the subpoena was served, the Court will not quash the subpoena for violation of Rule 45(a)(4).

3

B. The Failure to State Out the Text of Rule 45(d) and (e)

The Debtor's second ground for quashing the subpoena is based on Rule 45(a)(1)(iv), which requires that every subpoena must "set out the text of Rule 45(d) and (e)." Fed. R. Civ. P. 45(a)(1)(iv); *see also* Fed. R. Civ. P. 45(d) ("Protecting a Person Subject to a Subpoena; Enforcement"); Fed. R. Civ. P. 45(e) ("Duties in Responding to a Subpoena").

On its face, the subpoena the Plaintiffs issued on January 4, 2017, fails to meet this requirement. However, the Plaintiffs contend that the Debtor does not have standing to challenge the subpoena for failure to comply with Rule 45(a)(1)(iv).

In this circuit, "[a] party does not have standing to quash a subpoena served on a third party unless the party alleges a 'personal right or privilege with respect to the materials subpoenaed.'" *Cellairis Franchise, Inc. v. Duarte*, 193 F. Supp. 3d 1379, 1381 (N.D. Ga. 2016) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)); *see also Diego Brands, B.V. v. Compania Licorera De Centroamerica, S.A. (In re Rum Mktg. Int'l, Ltd.)*, 2007 WL 2702206, at *4 (S.D. Fla. Sept. 14, 2007) ("As *Brown* held, a party has no standing to move to quash a subpoena issued under the jurisdiction afforded by [35 U.S.C. § 24] unless the party is in possession of the subpoenaed materials *and* has a personal right or privilege that should be enforced to

4

prevent the third-party witness from violating that right or privilege."). A subpoena seeking the production of personal bank records falls within this category. *See Cellairis Franchise, Inc.*, 193 F. Supp. 3d at 1381 ("Courts have found a 'personal right' to subpoenaed materials in limited circumstances, including personal bank records…."); *In re Rum Mktg. Int'l, Ltd.*, 2007 WL 2702206, at *4 ("There are, of course, circumstances when the nature of the relationship between the party and the third-party could confer standing on the party, such as a bank account holder whose records are subpoenaed from the bank.").

Here, the subpoena appears to seek the production of the Debtor's bank records, in which the Debtor has a personal interest. Therefore, the Debtor has standing to contest the subpoena, and has standing to request that the Court quash it for failure to comply with Rule 45(a)(1)(A)(iv). As the subpoena issued on January 4, 2017, does not comply with that rule, the Court will quash it.[1]

## Conclusion

In accordance with the foregoing, it is hereby **ORDERED** that the Debtor's Motion to Quash Subpoena is **GRANTED**. The subpoena issued on January 4,

---

[1] As the Court has concluded that the subpoena should be quashed for failure to comply with Rule 45(a)(1)(A)(iv), it need not, at this time, address the Debtor's final ground for quashing the subpoena, based on subsection (d)(3)(B)(i).

5

2017, is **quashed**, without prejudice to the Plaintiffs issuing a subpoena that complies with Rule 45(a).[2]

The Clerk is **DIRECTED** to serve this Order on the Plaintiffs, the Debtor, and their respective counsel. **COUNSEL FOR THE PLAINTIFFS** is **DIRECTED** to serve this Order on counsel for the Bank of North Georgia and submit a certificate of service showing such service within ten (10) days of the entry of this Order.

**END OF DOCUMENT**

---

[2] The Court notes that the Plaintiffs issued a new subpoena on March 2, 2017, that contains the required language. (*See* Doc. No. 31).